IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NATHAN QUINTANA,

    Plaintiff,

v.                                        No. 14CV00105  WJ/GBW

STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND AND REMAND TO STATE COURT

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Leave to File First Amended Complaint and Remand to State Court, filed February 27, 2014 **(Doc. No. 8)**. Having considered the parties' briefs and the applicable law, the Court finds that Plaintiff's motion is partially well-taken and, therefore, is DENIED in part and GRANTED in part.

### Background

This matter involves an insurance coverage dispute arising out of an automobile accident in which Plaintiff was injured.  The driver at fault in the accident was underinsured, and Plaintiff sought to collect on underinsured motorist coverage under an insurance policy issued by Defendant.  Defendant refused underinsured motorist coverage claiming that Plaintiff had refused that type of coverage when commencing the policy.  Plaintiff originally filed his Petition for Declaratory Judgment on December 17, 2013 in the First Judicial District Court of New Mexico; Plaintiff's suit originally only named State Farm as a defendant.  On February 7, 2013, Defendant removed the lawsuit to this Court based upon diversity jurisdiction.  See **(Doc. No. 1)**,

Notice of Removal.

Plaintiff now seeks leave to amend his Complaint to add claims against State Farm insurance agent Manuel Valdez as well as additional claims against State Farm for unfair insurances practices. Because Mr. Valdez is a citizen of New Mexico, adding him to the lawsuit would defeat diversity jurisdiction. Therefore, in addition to seeking leave to amend, Plaintiff also requests remand to state court. Defendant opposes the motion for several reasons: 1) Plaintiff's proposed Amended Complaint is futile; 2) Plaintiff is not entitled to amend his Complaint; and 3) Plaintiff is only seeking to amend the Complaint to defeat diversity. Thus, the Court must consider two separate issues: 1) whether Mr. Valdez shall be permitted to be joined as a defendant, and 2) whether Plaintiff will be permitted to amend the Complaint to assert additional claims against State Farm.

## Discussion
### I. Legal Standard

The removal statute contemplates parties being added after removal whose addition would destroy diversity. See 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."). In McPhail v. Deere & Co., 529 F.3d 947 (10th Cir. 2008), the Tenth Circuit walked through the analysis when a plaintiff seeks to amend his or her complaint to add a party that would defeat diversity jurisdiction:

> As § 1447(e) indicates, however, the plaintiff does not have an absolute right to join such parties. McPhail v. Deere & Co., 529 F.3d 947, 951-52 (10th Cir. 2008). Federal Rule of Civil Procedure 15(a)(2) allows amendments only with leave of the opposing party or the court [after a responsive pleading has been filed]. Further, under Rule 19 the district court must determine whether the party sought to be joined is indispensable. If so, Rule 19 requires the court either to join

the party, in which case remand is necessary under § 1447(e), or to deny joinder, in which case Rule 19(b) also requires that the action be dismissed. If the defendant is not indispensable, Rule 20(a)(2) permits joinder at the discretion of the district court. See State Distrib., Inc. v. Glenmore Distill. Co., 738 F.2d 405, 416–17 (10th Cir.1984). […] If the district court determines that joinder is appropriate, § 1447(e) requires remand to state court. If the district court decides otherwise, it "may deny joinder." 28 U.S.C. § 1447(e).

McPhail, 529 F.3d at 951-52 (foot notes omitted).

## II.     Plaintiff Shall not be Allowed to Join Mr. Valdez

The Court first considers whether Mr. Valdez is an indispensable party. Rule 19 of the Federal Rules of Civil Procedure governs joining indispensable parties. It provides:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
> **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
> **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

First, the Court finds it can afford complete relief without adding Mr. Valdez to the case. Plaintiff's original Complaint simply sought a declaration the he was covered under his insurance policy. The Court can decide that question without adding Mr. Valdez. See Sac and Fox Nation of Missouri v. Norton, 240 F.3d 1250, 1258 (10th Cir. 2001). (A court is able to afford complete relief when a party's absence "does not prevent the plaintiffs from receiving their requested . . . relief."). In regards to the subsection B concerns, the Court finds that Mr. Valdez' interests will be protected adequately by State Farm, because State Farm has an interest in protecting Mr. Valdez' rights, as Mr. Valdez is an employee of State Farm and was acting in

3

the scope of his employment during his interactions with Plaintiff. Additionally, proceeding without Mr. Valdez would not leave an existing party subject to multiple or inconsistent obligations. Finally, the Court notes that Plaintiff did not consider Mr. Valdez an indispensable party when he filed his Complaint just two months before the Motion to Amend was filed. See Salt Lake Tribune Pub. Co., LLC v. AT & T Corp., 320 F.3d 1081, 1098 (10th Cir. 2003) ("Our conclusion that Deseret News is not an indispensable party is bolstered, but not determined, by the fact that no party in the case considered Deseret News to be indispensable at the time the action commenced."). Thus, the Court concludes that Mr. Valdez is not an indispensable party.

Because Mr. Valdez is not an indispensable party, the Court has discretion under Fed. R Civ. P. 20 to allow joinder. See Fed. R. Civ. P. 20(b). "When making a decision whether to allow the permissive joinder of a party, a court should consider such factors as the possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking an amendment to his pleadings, the motive that the moving party has in seeking such amendment, the closeness of the relationship between the new and the old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action." MDM Group Assocs., Inc. v. Midgett Realty, Inc., No. 07–cv–02543–WDM–CBS, 2008 WL 2756926, *4 (D.Colo. July 14, 2008) (citing Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1375 (9th Cir.1980)).

The Court has some concerns about the motives underlying the request to join Mr. Valdez. According to Plaintiff's claims, Mr. Valdez is the agent with whom he dealt on the underlying claim. So clearly Plaintiff was aware of Mr. Valdez' involvement in the events forming the basis of the lawsuit prior to filing the Complaint. Further, Plaintiff has offered absolutely no explanation of why he did not bring the claims against Mr. Valdez in the first

place. State Distributors, Inc. v. Glenmore Distilleries Co., 738 F.2d 405, 416 (10th Cir. 1984) ("Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial."). In addition, allowing Plaintiff to join Mr. Valdez at this point would defeat subject matter jurisdiction. For these reasons, the Court denies Plaintiff's request to join Mr. Valdez. Having determined that Plaintiff shall not be allowed to amend his Complaint to join Mr. Valdez, there is no basis for remanding this matter to state court, because removal was, and continues to be, proper based upon complete diversity of the parties.

**III. Plaintiff Shall be Allowed to Amend his Complaint to State Additional Claims Against State Farm**

The Court has already addressed Plaintiff's proposed Amended Complaint insofar as Mr. Valdez was named as a party. However, Plaintiff's proposed Amended Complaint includes other additional claims against State Farm which would not affect subject matter jurisdiction. Defendant argues that Plaintiff should not be allowed to assert the additional claims against Defendant because as a matter of law, Plaintiff's proposed Amended Complaint is deficient.

Where not entitled to amend a pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).[1] Rule 15 instructs courts to "freely give leave [to amend] when justice so requires." Id. Nevertheless, denying leave to amend is justified if the proposed amendments are unduly delayed, unduly prejudicial, futile, or sought in bad faith. Foman v. Davis, 371 U.S. 178, 182 (1962); Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993). A proposed amendment is futile if the amended complaint would be subject to dismissal. Jefferson Cnty. Sch. Dist. No. R–1 v. Moody's Investor's Servs., Inc., 175 F.3d 848,

---

[1] Plaintiff is not entitled to amend as a matter of course, because a responsive pleading has already been filed. See **(Doc. No. 2)**, Answer to Complaint; see also Fed. R. Civ. P. 15(a)(1).

859 (10th Cir.1999).  As a general rule, the Court retains the discretion to permit such amendments.  Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir. 2006).  In exercising this discretion, the district court "typically considers several factors [including] whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, [and whether it] was offered in good faith...."  State Distrib., Inc., at 416.  The Court must delineate its rationale if it refuses leave to amend.  Federal Ins. Co. v. Gates Learjet Corp., 823 F.2d 383, 387 (10th Cir. 1987).

Plaintiff's proposed new claims against State Farm are: 1) insurance bad faith; and 2) violation of New Mexico Unfair Insurance Practices Act ("NMUIPA"), NMSA 1978 59A-16- 1, *et seq.*[2]

"New Mexico recognizes [a] duty of good faith between insurer and insured" and allows for a cause of action based upon a breach of this duty.  Ambassador Ins. Co. v. St. Paul Fire & Marine Ins. Co., 1984-NMSC-107, 102 N.M. 28, 30, 690 P.2d 1022, 1024.  "To be entitled to recover for bad-faith failure to settle, a plaintiff must show that the insurer's refusal to settle was based on a dishonest judgment."  Sloan v. State Farm Mut. Auto. Ins. Co., 2004-NMSC-004, 135 N.M. 106, 113, 85 P.3d 230, 237.  Dishonest judgment means "that an insurer has failed to honestly and fairly balance its own interests and the interests of the insured. An insurer cannot be partial to its own interests, but rather must give the interests of its insured at least the same consideration or greater."  Id.  Here, contrary to Defendant's assertion that Plaintiff's Proposed Amended Complaint does not contain any specific fact allegations, Plaintiff has alleged certain facts in support of his insurance bad faith claim.  Specifically, Plaintiff has alleged that Defendant acting bad faith in failing to settle the claim by offering substantially less than what

---

[2]  Although this issue was not raised by Defendant, the Court points out that New Mexico courts have recognized that the common law bad faith insurance claim is separate and distinct from a NMUIPA claim.  Martinez v. Cornejo, 2009-NMCA-011, ¶40, 146 N.M. 223, 235, 208 P.3d 443, 455.

6

Plaintiff ultimately recovered and failing to promptly provide Plaintiff with a reasonable explanation of the basis of Defendant's decision regarding settlement. See **(Doc. No. 8-1)**, Plaintiff's Proposed Amended Complaint, ¶20. Accordingly, Plaintiff has alleged a viable insurance bad faith claim.

The NMUIPA provides a private cause of action for individuals who are harmed by an insurer committing the unfair trade practices outlined in the act. See NMSA § 59A-16-30 (creating private cause of action); NMSA § 59A-16-20 (listing prohibited practices). In order to plead a viable NMUIPA claim, a plaintiff must simply allege that he or she falls within in the coverage of the Act, an insurer as defined by the Act committed one of the prohibited practices, and the plaintiff was damaged as a result. See NMSA § 59A-16-30. Plaintiff's complaint has identified certain unfair insurances practices he alleges Defendant committed. Defendant claims that simply because Plaintiff's complaint quotes from the NMUIPA, it is lacking in sufficient factual allegations; this is not the case here.[3] Plaintiff has alleged that Defendant failed to negotiate his claim in good faith and failed to promptly provide Plaintiff with an explanation of its decision regarding coverage. Accordingly, the Court finds that Plaintiff's proposed NMUIPA claim sufficiently states a cause of action.

Plaintiff's Proposed Amended Complaint is not futile; it adequately sets forth the elements of both a bad faith insurance claim and NMUIPA claim along with specific factual allegations. While Plaintiff could have brought these claims in his original complaint, there is no significant prejudice to Defendant by allowing the amendment now. This case in its early stages, and no significant discovery had been conducted. In fact, the Scheduling Order was only recently entered in this matter. See **(Doc. No. 20)**, entered April 8, 2010. Accordingly, Plaintiff

---

[3] The heightened standard that Defendant claims applies to amendments that would defeat subject matter jurisdiction is not applicable to the proposed additional claims against Defendant State Farm, because allowing these claims would not affect subject matter jurisdiction.

may file his proposed Amended Complaint attached as an exhibit to his Motion to Amend, so long as any claims against Mr. Valdez are deleted.

**THEREFORE, IT IS ORDERED**, that Plaintiff's Motion for Leave to File First Amended Complaint and Remand to State Court **(Doc. No. 8)** is **DENIED** in part and **GRANTED** in part. Plaintiff may file his Proposed Amended Complaint, but he may not bring claims against Mr. Valdez. Accordingly, Mr. Valdez will not be added as a party and this matter will not be remanded.

_____
UNITED STATES DISTRICT JUDGE